UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CYNTHIA STEPP, o/b/o**
**Merle Stepp, Jr.,**[1]

    **Plaintiff,**

v.                                                                                          Case No.: 8:15-cv-1183-T-27AAS

**CAROLYN W. COLVIN,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the Court recommends that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.[2]

---

[1] On October 23, 2014, Cynthia Stepp filed a Notice Regarding Substitution of Party Upon Death of Claimant indicating Plaintiff Merle Stepp, Jr. had died. (Tr. 7). Ms. Stepp therefore entered the case as a substituted party on behalf of the claimant.

[2] The district judge referred this matter to the undersigned for consideration and a Report and Recommendation. *See* Local Rule 6.01(a), M.D. Fla.

1

## I. PROCEDURAL HISTORY

The claimant, Merle Stepp, Jr., filed a Title II application for a period of disability and DIB, alleging disability beginning April 21, 2009.[3] Plaintiff alleged disability due to several mental and physical impairments including depression and back pain. (Tr. 282). The claim was denied initially and upon reconsideration. (Tr. 1-3, 18-34).

At his request, Plaintiff received a *de novo* hearing before an ALJ which was held on October 16, 2012. (Tr. 44-86). Fifty-two years old at the time of the hearing, Plaintiff has an Associate's Degree and past relevant work in the installation and repair of air conditioning and heating equipment. (Tr. 283-84, 412).

The ALJ first denied Plaintiff's claim on November 27, 2012. (Tr. 101-114). The ALJ ruled that Plaintiff was not disabled during the relevant period. (Tr. 114). On June 12, 2013, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for reconsideration of certain issues. (Tr. 124-26).

On December 5, 2013, the same ALJ entered another unfavorable decision. (Tr. 21-34). On January 7, 2014, Plaintiff requested review of the hearing decision because, among other things, the ALJ failed to follow the Appeals Council's directive to offer Plaintiff a hearing. (Tr. 9). The next day, a memorandum letter from Plaintiff's counsel was filed with the Appeals Council and copied the Chief Administrative Law Judge for St. Petersburg ODAR and the Chief Judge of Region IV. (Tr. 11-17).

---

[3] At the hearing, the ALJ stated that she adjudicated Plaintiff's claim from April 23, 2009, a day after the previous unfavorable ALJ decision. (Tr. 47). However, the decision reflects that the ALJ adjudicated Plaintiff's claim from April 21, 2009. (Tr. 21, 24).

Plaintiff died thereafter and his wife was substituted as a party. (Tr. 7). On March 12, 2015, the Appeals Council denied Plaintiff's request for review making the ALJ's December 5, 2013 decision the final decision of the Commissioner. (Tr. 1-6).

## II. LEGAL STANDARDS

### A. FIVE-STEP DISABILITY ANALYSIS

Eligibility for DIB requires that the claimant be disabled and therefore unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[4] 42 U.S.C. § 423(d)(1)(A). To qualify as a disability, the physical or mental impairment(s) must be so severe that the claimant is not able to do previous work or any other substantial gainful work which exists in the national economy. *Id*., § 423(d)(2)(A).

In this case to receive disability benefits, Plaintiff must show that he became disabled before his insured status expired on December 31, 2011. 42 U.S.C. § 423(c)(1). In making a disability determination, the Social Security Administration applies a five-step sequential evaluation process.[5] 20 C.F.R. § 404.1520(a).

---

[4] A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[5] At each step, the ALJ is required to make certain determinations based upon the applicable criteria. However, if the ALJ determines at a step of the sequential analysis that the claimant is under a disability within the meaning of the Act, the analysis ceases.

At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[6] 20 C.F.R. § 404.1520(b). If the claimant is not performing substantial gainful activity, then, at the second step, the ALJ assesses whether the claimant has a severe, medically determinable physical or mental impairment or combination of impairments that meets the duration requirement.[7] 20 C.F.R. § 404.1520(c); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).[8] Step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986).[9]

At step three, the ALJ considers if the claimant's severe impairment(s) meets or medically equals the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. ("the Listings" or "Appendix 1"). The Listings contain impairments so severe that if a claimant's impairment(s) meets or medically equals a listed impairment, the claimant is considered disabled without further consideration. 20 C.F.R. § 404.1520(d).

If the Listings do not apply, the ALJ will move to step four to assess whether the claimant can perform past relevant work based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). The determination at step four involves a two-pronged analysis. First, the ALJ must make a finding about a claimant's residual functional capacity ("RFC"), which

---

[6] Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). Gainful work activity is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(b).

[7] A severe impairment or combination of impairments must significantly limit an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1521(b).

[8] An impairment or combination of impairments is not severe when medical or other evidence establish that the impairment(s) do not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1521.

[9] Unless the evidence indicates otherwise, mental impairments are non-severe at step two if the degree of limitation in the first three functional areas is "none" or "mild" and the fourth functional area is "none." 20 C.F.R. § 404.1520a(d)(1).

4

is the level of physical and mental work activities claimant can do on a sustained basis despite his limitations. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must consider all of the medical and nonmedical evidence regarding claimant's impairments, regardless of severity, and any related symptoms, such as pain, that, in conjunction, may cause physical or mental limitations. 20 C.F.R. § 404.1545. The second phase of step four requires the ALJ to determine whether a claimant can perform past relevant work in light of the RFC. 20 C.F.R. § 404.1520(f).[10]

The ALJ moves to step five of the sequential analysis if the claimant is not able to perform his past relevant work. 42 U.S.C. § 423(d)(2)(A). At step five of the sequential analysis, the burden shifts to the Commissioner to show the existence of other jobs that exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. 20 C.F.R. § 404.1520(g). In making this determination, the ALJ considers a claimant's RFC, age, education, and work experience to determine if the claimant can perform any other work.[11] The claimant is considered not under a disability if there are jobs that exist in significant numbers that the claimant can perform. *Id.*

### B. STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision that a claimant is not disabled is supported by substantial evidence and that the ALJ applied the

---

[10] Past relevant work is work performed within the last 15 years and performed long enough so that the claimant can learn to do the job and be considered substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565.

[11] In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant, usually through vocational expert testimony. *Allen v. Sullivan,* 880 F.2d 1200, 1201 (11th Cir. 1989). The ALJ may also apply the Medical Vocational Guidelines ("the Grids"). *Phillips v. Barnhart,* 357 F.3d 1232, 1239 (11th Cir. 2004).

proper legal standards. 42 U.S.C. § 405(g); *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (citation omitted). Under the substantial evidence test, findings of fact made by administrative agencies may be reversed only when the record compels a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

Furthermore, it is the Commissioner's duty, and not the Court's, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson,* 445 F.2d 656, 656 (5th Cir. 1971).[12] The Commissioner is also responsible for drawing inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court is not to reweigh the evidence. *Parker v. Bowen,* 793 F.2d 1177, 1178 (11th Cir. 1986). Rather, the Court must scrutinize the entire record to determine the reasonableness of the ALJ's findings. *Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir. 1992). The Court's review is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled, taking into account evidence favorable and unfavorable to the decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

---

[12] The Eleventh Circuit has adopted the former-Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result or if the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan,* 937 F.2d 580, 584 n. 3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

The Court may remand the decision of the Commissioner under sentence four of 42 U.S.C. §405(g) if the Commissioner's decision: 1) applies the incorrect law, 2) fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or 3) is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Services,* 21 F.3d 1064, 1066 (11th Cir. 1994). With respect to the ALJ's findings of fact, judicial review is limited to determining whether the record, as a whole, contains substantial evidence to support the ALJ's factual findings and whether the decision comports with correct legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, the reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *See Goodley v. Harris,* 608 F.2d 234, 236 (5th Cir. 1979). The reviewing court must affirm if the ALJ's decision is supported by substantial evidence. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

However, the Court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). No presumption of validity attaches to the Commissioner's conclusions of law, which are reviewed *de novo*. The Commissioner is required to apply the correct law and provide the reviewing court with sufficient reasoning for determining the property legal analysis has been conducted. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145-46 (11th Cir. 1991); s*ee Davis v. Shalala*, 985 F.2d

7

528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

### III. SUMMARY OF THE ALJ'S DECISION

At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 21, 2009, his alleged onset date, through the date last insured of December 31, 2011. (Tr. 24). The ALJ concluded at step two that Plaintiff has severe impairments of degenerative disc disease, tinnitus, vertigo, gastroesophageal reflux disease (GERD), major depressive disorder, generalized anxiety disorder, and personality disorder. (Tr. 24). The ALJ found that, through the date last insured, the Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of any of the Listings. (Tr. 25-26).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> [T]o perform light work…except that he is limited to occasionally climbing ramps, stairs, ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and crawl; avoid concentrated exposure to fumes, odors, gases, and poor ventilation; avoid concentrated exposure to moving mechanical parts and open heights; no more than moderate exposure to a noise intensity level considered no more than "moderate" as defined in <u>Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) (1993 DOL publications)</u>. "Moderate" as defined in the SCO as the noise intensity level in a business office where typewriters are used, department store, grocery store, light traffic, and fast food restaurant at off-hours; understand, carry out, and remember instructions and tasks consistent with detailed, but not complex work. Brief and superficial interactions with co-workers and occasional interaction with the general public; expected to be off task five percent of the work schedule, or three minutes per hour, every hour.

(Tr. 26) (emphasis in original).

The ALJ determined that, with these limitations, Plaintiff was not capable of returning to his past relevant work of air conditioning repair and installation. (Tr. 32). Based upon the testimony of a

vocational expert ("VE"), the ALJ found Plaintiff capable of performing other jobs available in significant numbers in the national economy, such as electronics tester, file clerk, and distribution clerk. (Tr. 33-34). Accordingly, the ALJ ruled that Plaintiff was not disabled during the relevant period. (Tr. 34).

As indicated on March 12, 2015, the Appeals Council denied review of the ALJ's decision. Thus, the ALJ's decision stands as the final decision of the Commissioner, now subject to review in this court. (Tr. 1-6).

### IV. ANALYSIS

Plaintiff identifies seven bases on which to remand the decision of the Commissioner. (Doc. 20). At least one warrants reversal.

Plaintiff argues first that the ALJ's failure to provide him with an opportunity for a hearing, as directed by the Appeals Council on June 12, 2013, constitutes reversible error. (Doc. 20, pp. 2-7). The Court agrees.

The record reflects that the Appeals Council entered an order vacating the ALJ's first decision and remanded the case to the ALJ for resolution of the following issue:

> The hearing decision states that the claimant testified that his cane was prescribed by Dr. Lorraine Thorpe, D.C. The decision then states that Dr. Thorpe's progress notes do not corroborate this prescription and that Dr. Thorpe is not an acceptable medical source as she is a chiropractor (Decision, pages 9-10). However, the decision does not address the opinion from the claimant's treating neurologist, Dr. Jairo Libreros, M.D., that the claimant required a medically necessary hand-held assistive device at all times as well as a back brace to ambulate independently (Exhibits B25F, B33F). Further consideration of the claimant's need for hand-held assistive device to ambulate and the impact of such a device on the claimant's residual functional capacity is required (Social Security Ruling 96-9p).

(Tr. 124).

9

The Appeals Council's order directed that, "[u]pon remand the Administrative Law Judge *will*"

- Give further consideration to the claimant's need for a hand-held assistive device to ambulate including medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstance for which it is needed (Social Security Ruling 96-9p). If necessary, obtain additional evidence concerning the claimant's physical impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 C.F.R. 404.1512-1513). The additional evidence may include, if warranted and available, consultative orthopedic examinations and medical source statements about what the claimant can still do despite the impairment.

…

In compliance with the above, the Administrative Law Judge *will offer the claimant an opportunity for a hearing,* address the evidence which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision.

(Tr. 124-26)(emphasis added).

On December 5, 2013, without offering Plaintiff an opportunity for a hearing, the same ALJ entered another unfavorable decision. (Tr. 21-34). The ALJ acknowledged the Appeals Council's directive to offer Plaintiff an opportunity to be heard upon remand, but concluded that "this was done in error." (Tr. 21). The ALJ did not elaborate as to the nature of the Appeals Council's alleged error. The Commissioner did not cite to any evidence that suggests that the Appeal Council mistakenly directed that the ALJ offer Plaintiff a hearing upon remand. (Doc. 24).

The ALJ also relies on the agency's guidelines entitled Hearings Appeals and Litigation Law Manual ("HALLEX"), Section I-3-7-40(E), to support her conclusion that she was not required to follow the directive of the Appeals Council that Plaintiff be offered an opportunity for

10

a hearing.[13] (Tr. 21). The ALJ concluded that, pursuant to HALLEX, "[t]he undersigned does not find that the facts of this case or issues that need resolving pursuant to the remand order warrants another hearing." (Tr. 21).

The ALJ's reliance on HALLEX is misplaced. Thus, 20 C.F.R. § 404.977(b) provides that the ALJ "*shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Counsel's remand order." *Id.* (emphasis added). Furthermore, the Appeals Council is not obligated under the Code of Federal Regulations to require the ALJ to give Plaintiff an opportunity to be heard, but "may remand a case to an [ALJ] so that he or she may hold a hearing and issue a decision or a recommended decision." 20 § C.F.R. 404.977(a). In other words, "while the Appeals Council 'need not' have instructed the ALJ to offer Plaintiff an opportunity to have a hearing, the Appeals Council, in fact, did so instruct [him]." *Meade v. Comm'r of Soc. Sec.*, No. 8:14-CV-2927-T-DNF, 2016 WL 1068483 at *5 (M.D. Fla. Mar. 18, 2016). Therefore, the ALJ has committed legal error by not following 20 § C.F.R. 404.977(b), which requires adherence to the remand orders of the Appeals Council. *Id.* (directing ALJ on remand to give Plaintiff an opportunity to be heard as directed by the Appeals Council's remand order); *Thompson v. Barnhart*, No. Civ. A 05-395, 2006 WL 709795 at *11-12 (E.D. Pa. Mar. 15, 2006).

To the extent the Commissioner argues that HALLEX carries the force of law, the Eleventh Circuit has characterized that as "a very big assumption." *George v. Astrue*, 338 Fed. Appx. 803, 805 (11th Cir. 2009)(unpub. dec.). "HALLEX…is a guide as to how the Appeals Council should order a remand, not an independent basis for an ALJ to disregard a remand order." *Meade v.*

---

[13] HALLEX I-3-7-40(E) provides that "[i]n Title II disability claims in which the period at issue expired before the date of the hearing decision, the claimant need not be offered the opportunity for a hearing unless the Administrative Law Judge finds that the facts warrant it."

11

*Comm'r of Soc. Sec.*, No. 8:14-CV-2927-T-DNF, 2016 WL 1068483 at *5 (M.D. Fla. Mar. 18, 2016). The ALJ is required to follow the mandates handed down by the Appeals Council without altering, amending, or examining the mandate. *Ross v. Comm'r of Soc. Sec.,* No. 6:12-CV-959-Orl-22GJ, 2013 WL 5236680 at *6 (M.D. Fla. Sept. 17, 2013) (citing *Apone v. Comm'r of Social Security,* 435 Fed. App'x. 864 (11th Cir. 2011)(unpub. dec.)). The ALJ's failure to provide Plaintiff an opportunity to be heard is an error of law, which requires remand for further proceedings.[14]

This Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence, and whether the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004); 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995) (per curiam) (internal citation omitted). The Court may not decide the facts anew or re-weigh the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) (per curiam). However, if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered, the Court cannot conduct a meaningful review. *Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985). Thus, the ALJ must develop a full and fair record, and evaluate all the relevant evidence. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

---

[14] The Commissioner mentions that Ms. Stepp chose not to testify at the hearing. (Doc. 24, p. 10). On the Notice Regarding Substitution of Party Upon Death of Claimant, Ms. Stepp checked the box that she wished "to proceed with the hearing requested by the deceased." (Tr. 7).

In this case, the Appeals Council directed the ALJ to give further consideration to Plaintiff's need for a cane to ambulate and to obtain additional evidence if necessary.[15] (Tr. 124). The ALJ also was required to further consider Plaintiff's RFC and provide rationale with specific references to evidence of record in support of the limitations. (Tr. 125).

The record reveals that Plaintiff's treating neurologist, Jairo D. Libreros-Cupido, M.D. ("Dr. Libreros") filled out questionnaires indicating that a cane was prescribed and medically necessary. Dr. Libreros, who began treating Plaintiff in September 2006, filled out a questionnaire on April 4, 2011, entitled "Treating Source Orthopedic Questionnaire." (Tr. 1213-14). Dr. Libreros noted Plaintiff's orthopedic diagnoses of lumbar radiculopathy, sacroilitis, and cervical radiculopathy. (Tr. 1213). In response to the question "[i]s a hand-held assistive device(s) medically necessary for the patient to ambulate independently (not holding onto walls or furniture for more than a minimal distance)," Dr. Libreros circled "yes." (Tr. 1214). The question required the physician to elaborate with respect to "what has been prescribed to assist with ambulation" and Dr. Libreros wrote "cane all the time" and "wear lumbar brace." (Tr. 1214). Additionally, on May 12, 2011, Dr. Libreros filled out a Physician Questionnaire (Exhibit B33F) and indicated that, due to disc herniation, annular tear, and bilateral radiculopathy, Plaintiff must use a cane or other assistive device while engaging in occasional standing/walking. (Tr. 1569, 1571).

It is well-settled that in the Eleventh Circuit a treating physician's opinion must be given substantial weight. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986) (per curiam). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). A treating physician's opinion may

---

[15] The Appeals Council's remand order mentions Dr. Libreros' opinion that Plaintiff requires a back brace to ambulate (Tr. 124). However, the Appeals Council does not appear to direct further consideration of Plaintiff's need for a back brace and the ALJ did not mention the back brace in her opinion.

13

be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991).

The ALJ did not properly refute Dr. Libreros' opinion and, consequently, the ALJ's finding that a cane is not medically necessary (Tr. 32) is not supported by substantial evidence. The ALJ makes seemingly contradictory findings regarding Dr. Libreros' opinion. The ALJ states that Dr. Libreros' treatment notes "do not indicate that the claimant requires a cane" and, in the same paragraph that "[a]n argument can be made that…Exhibit B24/22 indicated that the claimant requires a cane." (Tr. 32).

The ALJ also concluded that Dr. Libreros' opinion had no nexus to the medical records and that his opinions regarding the cane was conclusory and made "without an independent evaluation of his own or other corroborating evidence to support the conclusion." (Tr. 32). However, Dr. Libreros' questionnaires set forth Plaintiff's impairments including disc herniation, disc disease, lumbar buldge, annular tear, and bilateral radialopathy, as well as pain and dizziness. (Tr. 1569). Moreover, Dr. Libreros, who had treated Plaintiff since 2006, recognized Plaintiff's limp and use of a cane throughout the medical records. (see Tr. 1191, 1192, 1195, 1199). Therefore, the ALJ failed to present good cause for discounting the opinion of Dr. Libreros.

The ALJ also states that Plaintiff was not "provided a prescription for the use of a cane." The ALJ, however, did not specifically mention Dr. Libreros' questionnaire which states that a cane has been prescribed for ambulation for Plaintiff to use "all the time." (Tr. 1214). Moreover, to show medical necessity for a cane, the Social Security Regulations requires only that there is "medical documentation establishing the need for a hand-held assistive device…and describing the circumstances for which it is needed." SSR 96-9p. The ALJ's comment that the records "do[]

not indicate that claimant could not walk without the cane" is therefore misplaced. (Tr. 32). Given Dr. Libreros' opinion that Plaintiff needs a cane to help him ambulate "all the time," the ALJ erred by failing to properly reject such evidence in determining Plaintiff's RFC.

Other than the opinion of a state agency physician, the ALJ does not cite to evidence that contradicts Dr. Libreros' opinions that a cane is medically necessary. Because the opinion of long-time treating physician Dr. Libreros was not properly rejected, the Court is not convinced by the ALJ's rationale for crediting the opinion of the state agency physician over that of Dr. Libreros regarding the need for a cane. (Tr. 32). *See Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997).

The Appeals Council directed the ALJ to determine the impact of a cane on the claimant's RFC, and, if necessary, obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on the claimant's occupational base. (Tr. 124-25). 20 C.F.R. 404.977(b). Thus, on remand, the ALJ's RFC or hypothetical questions to the expert may be different and therefore the Court is unable to review correctly whether Plaintiff can perform the jobs identified by the VE.[16]

In sum, the Appeals Council's remand order directed unambiguously that the ALJ will offer Plaintiff the opportunity to be heard. The ALJ erred as a matter of law by not fully complying

---

[16] The Court has considered that even an individual using a medically required hand-held assistive device can perform sedentary work, depending on the facts and circumstances of the case. *See* SSR 96–9p. Thus, the VE at the hearing testified that a person with the same limitations as Plaintiff could, at the sedentary exertion level, perform the jobs of mail sorter or document preparer. (Tr. 82-83). *See Harrison v. Astrue,* No. 3:09-cv-509-LAC/EMT, 2011 WL 1158750 at *8 (N.D. Fla. Feb. 24, 2011)(harmless error by failing to include cane in RFC where ALJ limited Plaintiff to sedentary work). Here, the ALJ did not determine whether Plaintiff is capable of performing sedentary work, including that Plaintiff could sit for six to eight hours in light of his back impairments. See 20 C.F.R. § 404.1567(a). Moreover, the ALJ did not identify the sedentary jobs of mail sorter or document preparer that were identified by the VE in her opinion. *See Compton v. Astrue,* No. CIV. A. 08-0624-M, 2009 WL 1555416 at *6 (S.D. Ala. June 3, 2009). Thus, it is not clear to this Court that the ALJ would have reached the same decision denying benefits based on the VE's testimony regarding sedentary work.

with the remand order and allowing Plaintiff the opportunity to be heard as directed by the Appeals Council. The failure to comply with the Appeals Council's order does not constitute harmless error. Accordingly, it is unnecessary to address the remaining allegations because, on remand, the ALJ will reassess the record and Plaintiff's residual functional capacity assessment. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983).

### III. Conclusion

For these reasons, the decision of the Commissioner contains reversible error. The undersigned, therefore, recommends that the decision should be reversed and remanded to the Commissioner. Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **REVERSED and REMANDED** and the case be **DISMISSED**; and

(2) The Clerk of Court enter final judgment in favor of Plaintiff consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).


**Date: July 11th, 2016**


_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge